## WILLIAMS v. SHOEMAKER.

(November 20, 1900.)

1. *Boundaries—Evidence to Establish—Sufficiency.*

> Evidence in this case is held to be sufficient to warrant charge of Court to the jury to find the boundary claimed by the defendant.

CIVIL ACTION by O. G. Williams vs. M. H. Shoemaker, guardian, Luphelia Dishman and her husband, Elam Dishman, Elizabeth Shoemaker, Delpha Shoemaker, Florence Shoemaker and James Shoemaker, heard by Judge *E. W. Timberlake* and a jury, at February Term, 1900, of IREDELL Superior Court.

WILLIAMS v. SHOEMAKER.

MAP.

From judgment for defendants, plaintiffs appealed.

*L. C. Caldwell* and *W. G. Lewis,* for plaintiffs.
*B. F. Long,* and *Armfield & Turner,* for defendants.

MONTGOMERY, J.   The plaintiff instituted this proceeding before the Clerk of the Superior Court, under chapter 22 of the acts of 1893, to have established a line between himself and the defendants.   It was transferred to the Superior Court in term, and the following issue was submitted to the jury:   "Which is the true line between the plaintiff and the defendants—the line from 1 to 4, as claimed by the plaintiff, or the line from B to D, as claimed by  the defendants?"   His Honor instructed the jury that if they believed the evidence, they would locate the land between plaintiff and defendants from B to D, and that they answer the issue "from B to D," and the exception by the plaintiff to that charge is the only exception in the case.   The plaintiff put in evidence

a grant to himself from the State to the land which he claimed, and also a deed from one Hall to Burwell Shoemaker to the tract of land which the defendants claim. The point of beginning (the first call) in the Shoemaker deed is shown by all the witnesses to be a white oak at the letter A on the map. The call (second) from A is east 164 poles to a stake in the field on Sharpe's line. The claim of the plaintiff is that the line last mentioned should not have been run 164 poles, but that it should have been stopped at 1, a marked maple tree 148 poles from A. The land in dispute is almost a parallelogram, 16 poles at one end, and the other end being a little longer; the line claimed by the plaintiff running northwest and southeast from 1 to 4 on the map, and that claimed by the defendants being almost due north and south from B to D on the map. The survey of the plaintiff's tract, as it appears upon the map, locates the beginning point at the letter B, 164 poles from A, the beginning of the Shoemaker tract, according to the call; and the subsequent calls are followed according to courses and distances mentioned in the grant, the other corners represented by the figures 2 and 3 and the letters D and B. The plaintiff in his examination fixed the line as claimed by the defendants from B to D. He testified on cross-examination: "I entered this land. I was one of the commissioners to divide it among the minor heirs of Burwell Shoemaker, and while having it surveyed I found that the Shoemakers had no deed for the land I entered. I entered it the next day. Shoemakers had been in possession of the land for many years, but I knew that they had no record, and I entered it, and brought suit and gained it. The first call in my grant 'begins at a pine, Shoemaker's corner.' There is a pine at B. When I had it surveyed, I directed the surveyor to start at the pine at B, and run from there to 2; thence to 3; thence to D; thence to B, the begin-

ning.   This will give me all the land I entered, and for which I received a grant.   I do not know where.the line between Shoemaker and myself is.   That is what I am trying to find out."

The only possible ground we can see upon which the plaintiff rested his claim was in the suggestion made in the Brief of his counsel that G. W. Clegg, one of the witnesses, testified that he knew the old man Shoemaker, the point 1, the maple, and told him it was his (Shoemaker's) corner.   But it appeared in the examination of Clegg, that the conversation with Shoemaker occurred 28 years before the trial; that at that time Shoemaker owned both sides of the disputed line; that he owned the Sharpe place, also; and that the maple at 1 was a corner of the Sharpe land, and is no part of the land in dispute.   We have read with interest the testimony of the surveyor concerning the method by which he located the southern end of the line, claimed by the defendants at D on the map—the third call in the deed— and the Brief of the defendant's counsel on that matter, but it is not necessary to make any decision on that point in this case.

No error.